UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EUGENE RUOFF,                                          :

                     Plaintiff,       :      08 Civ. 4324 (SHS)

       - against -                          :
                                          **Answer**
LIFE INSURANCE COMPANY OF NORTH AMERICA, :

                    Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Defendant Life Insurance Company of North America ("LINA" or "Defendant"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to plaintiff's Complaint ("Complaint"), responds as follows:

1. Defendant admits that this is an action arising under ERISA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "1" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

2. Defendant admits the allegations contained in paragraph "2" of the Complaint.

3. Defendant admits that venue is proper in this district. Defendant denies the remaining allegations contained in paragraph "3" of the Complaint.

4. Defendant admits the allegations contained in paragraph "4" of the Complaint.

5. Defendant admits the allegations contained in paragraph "5" of the Complaint.

6. Defendant admits that it is the claims administrator. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

2023709.1

contained in paragraph "6" of the Complaint, refers the Court to the law referenced therein, and leaves the Plaintiff to his proofs with respect thereto.

7. Defendant admits the allegations contained in paragraph "7" of the Complaint.

8. Defendant admits the allegations contained in paragraph "8" of the Complaint.

9. Defendant admits the allegations contained in paragraph "9" of the Complaint.

10. Defendant admits that plaintiff stopped working on January 27, 2006 because of disability. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "10" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

11. Defendant admits that benefits were paid under the Plan from August 8, 2006 through April 27, 2007, when benefits were discontinued by LINA, and that plaintiff was notified of the termination by letter dated April 13, 2007.

12. Defendant admits the allegations contained in paragraph "12" of the Complaint.

13. Defendant admits the allegations contained in paragraph "13" of the Complaint.

14. Defendant admits the allegations contained in paragraph "14" of the Complaint.

## Count I

15. Defendants deny the allegations contained in paragraph "15" of the Complaint to the extent that they are inconsistent with the language of the subject policy document, which speaks for itself.

16. Defendant denies the allegations contained in paragraph "16" of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

18. Defendant denies the allegations contained in paragraph "18" of the Complaint.

19. Defendant denies the allegations contained in paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in paragraph "20" of the Complaint.

21. Defendant denies the allegations contained in paragraph "21" of the Complaint.

## Count II

22. Defendant repeats the responses given in paragraphs 1 through 21 above.

23. Defendant denies the allegations contained in paragraph "23" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith and fulfilled its duties and responsibilities to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

### FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were

taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policies issued by Defendant to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

If the Court should determine the Plaintiff is entitled to disability benefits, which the Defendant denies, then pursuant to the insurance contract the Defendant is entitled to offsets for other income received by the Plaintiff, including but not limited to Social Security Disability benefits, Workers Compensation, and any benefits received from any other group disability plan.

WHEREFORE, defendant Life Insurance Company of North America demands judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         June 20, 2008

                                        Respectfully submitted,

                                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                                        By: _____
                                            Fred N. Knopf (FNK 4625)
                                            Emily A. Hayes (EH 5243)
                                            *Attorneys for the Defendant*
                                            3 Gannett Drive
                                            White Plains, New York 10604
                                            (914) 323-7000

4

## CERTIFICATE OF SERVICE

  I hereby certify that on June 20, 2008, the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                 _____
                 Emily A. Hayes
                 3 Gannett Drive
                 White Plains, New York 10604-3407
                 Phone (914) 323-7000, Ext. 4165
                 Facsimile (914) 323-7001
                 emily.hayes@wilsonelser.com